1  BRETTE L. EVANS, S.B.N. 177042
   Evans Law Offices
2  255 N. Market Street, Ste 110
   San Jose, CA 95110
3  Ph:   (408) 298-8910
   Fax:  (408) 298-8911
4

5               **UNITED STATES BANKRUPTCY COURT**
       **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

6  In re:                            )  Case No.: 09-60455 ASW
                                     )
7  Aspiras, Hazel Calmerin           )  **APPLICATION FOR ALLOWANCE OF**
                                     )  **COMPENSATION AND**
8  Aspiras, Franklin Difunturom,     )  **REIMBURSEMENT OF EXPENSES FOR**
                                     )  **SERVICES INCURRED ON BEHALF OF**
9                                     )  **CHAPTER 13 DEBTORS**
                                     )
10                                    )
                                     )
11             Debtor(s).            )  [11 U.S.C. 330(a) and 503(a) and (b) and
                                     )  Bankruptcy Rule 2016(a)]
12                                    )
                                     )  Date:  October 4, 2011
13                                    )  Time:  1:45 p.m.
                                     )  Place: 280 S. First St., San Jose
14 _____)         Rm: 3020, 3d Floor

15

16        Counsel for Debtors herein, Evans Law Offices, moves this Court for an Order

17 Approving Attorneys' Fees.

18        Debtor commenced this case on November 30, 2011 by filing a voluntary petition for

19 relief under Chapter 13 of the United States Bankruptcy Code.

20        By this Motion counsel for Debtor, Evans Law Offices, requests that the Court authorize

21 payment of attorneys' fees accrued to date.  This Motion is brought pursuant to 11 U.S.C.

22 Sections 105, 330(a), 503(a) and (b) and Bankruptcy Rule 2016(a).

23        The Application for Order Authorizing Attorneys' Fees is submitted pursuant to the

24 Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees

25 adopted by the United States Bankruptcy Court for the Northern District of California.

-1-

The Debtor's attorney, Evans Law Offices, and Brette L. Evans, hereby moves for approval of attorneys' fees and costs. A Chapter 13 Retainer Agreement (the "Agreement") was entered into between Debtor and Evans Law Offices. The Agreement sets forth the terms of attorneys' compensation for handling the Debtor's Chapter 13 proceeding. A copy of this agreement is attached as Exhibit A to the Declaration and Certification of Attorney Brette L. Evans, which has been filed concurrently with this motion. The Debtor has agreed to pay for attorneys' time at the rate of $300.00 per hour, and for paralegal's time at the rate of $75.00 per hour.

In this motion, the Debtor's attorney is requesting an approval of $13,124.96 in attorneys' and paralegal fees and costs. A Billing statement itemizing these expenses is attached to the Declaration of Attorney Brette L. Evans as Exhibit B. The billing rate for attorney's fees and costs is reasonable for this jurisdiction. Moreover, these expenses were necessary in providing quality representation. This Application represents that:

1.      Date of Second Consultation (Retained):      **8/14/2009**

2.      Amount of Fees Approved at Confirmation**:      N/A**

3.      Subsequent Fee Application Filed:      **12/8/09 and 7/27/10**

         If Yes:   Date Approved: 8/16/2010    Amount Approved:  $5,800.00

5.      Amount of Fees Received to Date:      **$5,800.00**

6.      Time Period of This Application:      08/14/09 – 09/6/11

7.      Hourly Rate of Professionals:      **$300. attorney (paralegal, $75.00)**

8.      Total Hours in this Application:

         Attorney Hours: 20.00; Travel Hours:  00.00 ; Paralegal hours: 00.00

9.      Total Fees Requested: $_____ x _____ hrs =
         **Attorney      $      42.50      x      300.      hrs =      $12,750.00**

Case: 09-60455    Doc# 66    Filed: 09/07/11    Entered: 09/07/11 18:56:35    Page 2 of 5

10.    Amount Included for Appearance at Hearing on this Application:  -0-

11.    Total Costs Requested of this Application:    **$ 374.96**

12.    Total Additional Fees and Costs Requested:  **$ 7374.96**

Brief Description of Services:  Debtors, Hazel C. and Franklin D. Aspiras, originally came into the office in August 14, 2009 (See Exhibit A, "Retainer Agreement").   The Debtor's filed their case primarily because they were trying to save their home.  They had been working to modify their mortgage, and had been told to stop paying the mortgage many months before they sought bankruptcy protection.   When the case was filed, the Debtors worked for many months to continue to modify their mortgage.  An Amended Plan was filed to include the mortgage arrears when they realized that a modification was not going to be forthcoming by their mortgage lender. The monthly chapter 13 payments, coupled with the ongoing mortgage payments caused both debtors to have to work as hard as they could in order to try to bring their mortgage current. Hazel Aspiras had been working full time as a Registered Nurse, with a second week-end job. This continued for nearly a year.

During this time, we filed a Motion to Value in order to lien strip the second mortgage. We also counseled with the Debtors many times to determine whether the lifestyle that they were living was worth the sacrifice.  The Debtors were parents to two small children, and with the tremendous number of hours worked, they were not able to spend much time with their children. Ultimately, the Debtors decided that the stress was too great.  They had one child with medical issues, and Ms. Aspiras was told by the child's doctor, that the child needed to have greater stability, or to be home more often.  Ms. Aspiras was forced to quit her second job, and the documents were amended to surrender the home, and to reduce the Plan, and to reflect the

-3-

change of circumstances on the Statement of Current Monthly Income. These changes were filed toward the end of 2010, and other amendments were filed in 2011.

The case remains unconfirmed due to successive trustee objection regarding Ms. Aspiras's second job (1/5/11, 3/30/11, 7/1/11 and 8/19/11). Each objection questions why Ms. Aspiras does not continue to work 7 days a week, and each objection continues to push the Debtor's to pay into their chapter 13 plan, as if Ms. Aspiras still had the income from before the date the case was filed. Over 2011, amended documents have been filed, and documents have been forwarded to the Trustee, and Declarations have been drafted and processed, along with the time involvement in working through the issues over and over and explaining to the clients each time that a new objection is received. To date, we are awaiting receipt of another declaration for the payment advice demand recently received from the Trustee, for March to October 2009, for the second job that Debtor no longer has. The payment advices were re-forwarded to the Trustee, and as only a portion of the payment advices were available, work is now being performed to recreate this data nearly two years after the earnings were received, for income that is pre-filing and not relevant to the pre-confirmation income of the Debtors.

In an attempt to work with the Trustee's office, Counsel has not put this on the Court's Contested Hearing Calendar. However, if the present set of objections are not finally reviewed by the Trustee's office in light of the <u>Hamilton vs. Lanning</u> 130 S.Ct. 2464 (2010) decision, then counsel is prepared to brief the issues for the Court and escalate to an adversarial position with the Trustee.

Case: 09-60455    Doc# 66    Filed: 09/07/11    Entered: 09/07/11 18:56:35    Page 4 of 5

The attorneys' fees requested for approval by this motion are administrative expenses pursuant to 11 U.S.C. Section 507(a)(1), these expenses are entitled to first priority of distribution.

WHEREFORE, movant prays for an order approving the following:

1.      Approval of Fees and Costs to date, totaling $ 13,124.96;

2.      The Debtor to pay the balance of funds, or $ 7,324.96 for attorneys' fees and costs to Evans Law Offices, through the Trustee's office with any funds held or to be administered by the Trustee.

3.      For other relief as the Court deems reasonable and proper.

Dated: 9/6/2011                                         **Evans Law Offices**

                                                     /s/ Brette L. Evans

                                               By: _____

                                                     Brette L. Evans
                                                     Attorney for Debtor